# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Krissa Convertino, on Behalf of Herself and Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:23-cv-4075-RMG |
| v. ) ) | **ORDER** |
| Republic Reign, LLC d/b/a/ Republic Garden & Lounge, *et al.*, ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on Plaintiffs and Defendants (the "Parties")'s joint motion for settlement approval (Dkt. No. 49). For the reasons set forth below, the Court grants the motion.

## I.   Facts

Defendant Republic is an upscale nightclub located at 462 King Street Charleston, SC. (Dkt. No. 1 ¶ 15). Plaintiffs were employed as VIP Servers at Republic, where their primary duty was to serve guests alcoholic and nonalcoholic drinks in the VIP area of the nightclub, as well as running payments (*Id.* ¶ 21-23). Plaintiff's allegations are that (1) Defendants did not pay them the minimum wage required by the FLSA and that (2) Defendants improperly required VIP Servers such as Convertino, Hogan, and Connors to share tips with the VIP Coordinator, Madison Reese ("Reese") (*Id.* ¶ 40-46). Defendants deny that the position of VIP Coordinator constitutes a manager position, thus making Reese ineligible to share tips. (Dkt. No. 6 ¶¶ 36, 41).

On June 13, 2024, the Court denied Defendants' motion for summary judgment and granted in part and denied in part Plaintiff's motion for summary judgment. (Dkt. No. 44).

The Parties subsequently resolved this action via mediation. (Dkt. Nos. 47, 48).

The Parties now seek Court approval of the settlement. (Dkt. No. 49).

## II.   Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III.   Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorney's fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013). Here, as detailed in the Court's Order and Opinion ruling on the Parties' cross-motions for summary judgment, a bona fide dispute clearly exists. (Dkt. No. 44).

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) *citing Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. 2009).

The Parties have agreed to a total settlement amount of $75,000.00 (the "Settlement Amount"). (Dkt. No. 49 at 2). The Settlement Amount would be distributed as follows:

1. Convertino $25,000.00

2. Hogan $10,000.00

3. Connors $1,500.00

For Convertino, the amount she would receive equals 96% of what she believes she is owed for unpaid tips and wages. For Hogan, the amount she would receive equals 90% of what she believes she is owed for unpaid tips and wages. For Connor, her "damages are all in the 3rd year, making her claims more tenuous. However, according to the Plaintiffs' calculation, $1500 is approximately 30% of what she is owed in the third year." (Dkt. No. 49 at 2-3).

The settlement also includes $38,500 in costs and fees. $8291.20 is costs for filing fees, transcripts, mediation, process servers, and other related costs, and $30,208.80 in attorney's fees. Plaintiffs' counsel Ms. Marybeth Mulaney, Esq. worked 306 hours at $350/hour and a paralegal

3

worked 37.4 hours at $100/hour on this case for a lodestar amount of $110,840 which has been reduced to $30,208.80 in attorney's fees. This Court has previously approved Plaintiffs' counsel's hourly rate of $300.00 in *Sellers v. Keller Unlimited LLC*, 2:17-cv-02758-RMG, 2019 WL 5788124 (D.S.C. Nov. 26, 2019).

The Court finds the settlement is fair and reasonable. To begin with, the amount and calculations reflect a fair and reasonable amount and a beneficial outcome for Plaintiffs. Sufficient discovery has taken place and the Court has ruled on dispositive briefing. The Parties have engaged in continuous arms-length negotiations and there is no evidence of fraud or collusion. Further, without settlement, the case would likely continue to be expensive and complicated to litigate at trial. Given the length of time, the discovery exchanged, the dispositive briefing the Court previously ruled on, and the extent to which the Parties' attorneys are familiar with the case, they are in a good position to evaluate their claims and defenses and the likelihood of success at trial. Counsel in this case are experienced, with both Parties' counsel having extensive experience in wage-and-hour litigation. The Parties also disagree as to the likelihood of success. Further, the amount of the award, which represents alleged unpaid wages, is clearly fair and reasonable. Considering the stage of litigation, absence of fraud, settlement amount, experience of counsel, and uncertainties as to success, the Court finds the Settlement Amount to be fair and reasonable.

Finally, $38,500.00 for attorney's fees and costs is reasonable and, as it was negotiated separately from the Settlement Amount discussed above, permissible under the FLSA. Reviewing the twelve factors articulated by *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), the proposed attorneys' fees are reasonable.

IV.     **Conclusion**

For the reasons above, the Court **GRANTS** the Parties' joint motion for court approval of settlement (Dkt. No. 49). The Parties shall file a joint stipulation with prejudice after the final settlement payment.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 2, 2024
Charleston, South Carolina